IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSS PAUL BALLANCE, Inmate #B84938,<br><br>            Plaintiff,<br><br>vs.<br><br>DIRECTOR, DOCTOR, HEAD NURSE, and HEAD JAILER OF THE TRI COUNTY DETENTION CENTER,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 06-456-WDS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a former inmate in the Tri County Detention Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff states that while detained at the Tri County Detention Center, he suffered from a severe sinus infection. Plaintiff saw an unnamed physician at the beginning of his symptoms, who gave him Tylenol 3 for the pain. Plaintiff specifically states that the jail physician provided "an easier and less [effective] treatment than was appropriate." Plaintiff made numerous requests for further treatment, but received none, despite his reports of pain. His grievances on the matter were ignored. Plaintiff states that he was left in solitary confinement for one week without treatment for his pain and sinus symptoms.

## LEGAL STANDARDS

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating

> that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Under Seventh Circuit jurisprudence, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

Based on these legal standards, Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs. It is not at all clear that sinus congestion amounts to a serious medical need. Assuming that it does, however, Plaintiff was treated by a physician with narcotic pain medication. This does not show deliberate indifference. That Plaintiff wishes the physician would have chosen another course of treatment is not actionable because mere disagreement with the chosen treatment does not rise to the level of deliberate indifference required to state a constitutional violation.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

    **IT IS SO ORDERED.**

    **DATED:  February 7, 2007**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**
